Mr. Justice Clayton
delivered the opinion of the court.
This was an ejectment for two lots in- the town of Quitman. The plaintiff claims title under one Calvin Ludlow, who derived title from John and Thomas Watts. Their deed to Ludlow conveys parts of two quarter sections of land, amounting to eighty-four acres,.but excepts from its operation “ all the lots which had been previously sold in said town, and which would more fully appear by reference to the map of said town.”
The defendants introduced John Watts, one of the grantors in the deed, and proved by him, that the lots in controversy, Nos. 22 and 23, were a part of those excepted from the operation of the deed to Ludlow, and that they were marked upon the map as having been sold, at the time of the conveyance, to Ludlow.
The defendants also claim under a deed from Watts, subsequent to the deed to Ludlow; but having relation to a sale, according to the testimony of Watts, made before the sale to Ludlow, and marked upon the map, and thus reserved from the sale to Ludlow. This testimony was objected to upon the trial; and the principal question is as to its competency.
It cannot be doubted, but that the exceptions in the deed of Ludlow were to be identified in some other mode, than by the deed itself. Parol evidence is of necessity admissible to give identity and locality to the land granted, if the description in the deed or patent be not so definite as to point it out without further aid.
But in this case, special reference is made in the deed itself to a map, to show what lands were excepted from the operation of the deed. Parol testimony was therefore not admissible, unless in explanation of the map, or unless it had been previously shown that the map could not be produced. That was not done, and for this reason the evidence was inadmissible.
A further question is made as to the competency of Watts. *468 It is insisted that he was competent, because his interest either way was equal. We do not think so. By proving that the lots did not pass to Ludlow, and thus enabling the defendants to succeed, he is relieved from his direct and express covenants to them. In any action of covenants which Ludlow might bring against him, unless it were established that these lots were embraced in his deed, and not comprehended in the exceptions, he would fail. The interest therefore is not equal, because in one case it is direct and certain; in the other uncertain and dependent upon a contingency. He was called in support of the direct interest, and should have been excluded. See Harmon v. James, 7 S. & M. 119.
It is not intended to exclude the introduction of the map, and of any competent parol testimony, which may be necessary to fix the identity of the lots excepted from the operation of the deed to Ludlow.
Judgment reversed, and new trial granted.